FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHAWN C.,[1]

          Plaintiff,

  v.

FRANK BISIGNANO,
Commissioner of Social Security,

          Defendant.

No.   1:26-cv-3009-EFS

**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR MORE PROCEEDINGS**

Plaintiff Shawn C. and the Commissioner of Social Security agree that the Administrative Law Judge's (ALJ) denial of disability benefits should be remanded based on consequential errors, but they disagree

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." See LCivR 5.2(c).

DISPOSITIVE ORDER - 1

as to whether the decision should be remanded for further proceedings or for an award of benefits. As is explained below, essential issues remain for the ALJ to resolve and crediting the challenged evidence does not compel a finding of disability, so this matter is remanded for further proceedings.

## I.    Background

Plaintiff filed her Titles 2 and 16 applications for benefits in 2020, alleging disability beginning May 30, 2011, due to several mental impairments.[2] An ALJ issued an unfavorable decision in May 2022.[3] On appeal, in December 2023, the Court reversed and remanded for further proceedings because the ALJ did not give adequate reasons for discounting Plaintiff's symptom reports and a medical expert needed to testify whether Plaintiff's failure to seek treatment was intentional or a result of her mental illness.[4]

[2] Administrative Record (AR) 216, 223, 234.

[3] AR 15–30.

[4] AR 588–619. *See* E.D. Wash. Case No. 1:23-cv-3040-EFS.

DISPOSITIVE ORDER - 2

On remand, Plaintiff appeared for two hearings before a different ALJ, Cecilia LaCara.[5] Plaintiff testified that she could not work because of frequent, severe panic attacks that made it difficult for her to leave her house and worsened around groups of people.[6] A medical expert, Dr. Billings Fuess, testified that because Plaintiff had major depressive disorder, "there is the likelihood of there being a waxing and waning of symptoms. The symptoms can worsen some days . . . ."[7] A vocational expert testified that a hypothetical individual limited to occasional interactions with others could likely not complete the approximately 30-day training/probationary period for the jobs of cleaner II, hand packager, and hospital cleaner, because:

> the things you do in the beginning period, the interaction with the supervisor, probably more than occasional. And so . . . that could be . . . problematic if the person has to walk away or leave or has some other type of situation where . . .

---

[5] AR 518–40 (November 5, 2024, Plaintiff and vocational expert testimony), 541–58 (October 14, 2025, Plaintiff, vocational expert, and medical expert testimony).

[6] AR 524–28, 531.

[7] AR 552.

DISPOSITIVE ORDER - 3

they have to remove themselves from interacting with this person. You know, again, it would . . . intervene with the training process and that person getting ramped up to the job.[8]

On November 14, 2025, the ALJ issued a decision finding Plaintiff not disabled.[9] The ALJ discounted Plaintiff's alleged symptoms because "mental status exams primarily show intact cognitive and social functioning."[10] The ALJ found Dr. Fuess's hearing testimony persuasive without discussing his testimony regarding waxing and waning symptoms.[11] The ALJ found the opinion of Thomas Genthe, PhD, who examined Plaintiff in June 2020 and opined that she had moderate limitations in attendance and punctuality, and marked limitations in communicating and behaving appropriately and

---

[8] AR 557; *see* AR 557–58.

[9] AR 496–510. Per 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled.

[10] AR 505; *see* AR 505–06.

[11] AR 507.

DISPOSITIVE ORDER - 4

completing a workday,[12] "not fully persuasive" because Dr. Genthe did not review Plaintiff's complete record and his opinion was inconsistent with the mental status exams in the record.[13]

As to the sequential disability analysis, the ALJ found:

- Plaintiff met the insured status requirements through March 31, 2014.

- Step one: Plaintiff had not engaged in substantial gainful activity since May 30, 2011, the alleged onset date.

- Step two: Plaintiff had the following medically determinable severe impairments: depressive disorder, anxiety disorder, ADHD, and personality disorder.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

- RFC: Plaintiff had the RFC to:

  perform a full range of work at all exertional levels but with the following nonexertional limitations: she can

---

[12] AR 428.

[13] AR 507.

DISPOSITIVE ORDER - 5

understand, remember, and carry out simple routine tasks with occasional interaction with the public, coworkers, and supervisors; she is limited to occasional changes in the workplace; and she is limited to non-quota and no highly pa[c]ed assembly line type work.

- Step four: Plaintiff had no past relevant work.

- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as cleaner II, hand packager, and hospital cleaner.[14]

Plaintiff did not file written exceptions to the ALJ's decision with the Appeals Council and the Appeals Council did not assume jurisdiction on its own, so the ALJ's decision became the Commissioner's final decision.[15] Plaintiff now appeals to district court.[16]

---

[14] AR 501–09.

[15] *See* AR 496–97; 20 C.F.R. §§ 404.984, 416.1484.

[16] ECF No. 1.

DISPOSITIVE ORDER - 6

## II.    Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error"[17] and such error impacted the nondisability determination.[18] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[19]

---

[17] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[18] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[19] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence

## III.   Analysis

Plaintiff argues the ALJ committed the following errors, and the Commissioner either concedes or does not contest each error:

1.    Not providing specific, clear, and convincing reasons to discount Plaintiff's symptom testimony because the ALJ discounted her allegations regarding panic attacks and social limitations based on normal mental-status exams.

2.    Crediting Dr. Fuess's testimony but failing to explain or add RFC limitations corresponding to his opinion that Plaintiff would experience waxing and waning symptoms.

3.    Failing to reconcile the inconsistency between the vocational expert testimony and the step-five findings because the vocational expert testified that someone limited to occasional interaction with others could likely not

cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

DISPOSITIVE ORDER - 8

complete the training/probationary period for the cleaner II, hand packager, and hospital cleaner jobs. Plaintiff also argues the ALJ erroneously discounted Dr. Genthe's opinion, which the Commissioner disputes.

Plaintiff contends that remand for an award of benefits is the proper remedy because all requirements of the "credit-as-true" rule are met and further proceedings would unnecessarily delay benefits. The Commissioner disagrees, arguing that further proceedings are necessary.

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course.[20] However, the court may remand for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required

---

[20] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

DISPOSITIVE ORDER - 9

to find the claimant disabled on remand . . . .[21] When these three elements are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[22]

Here, the Court agrees with the parties as to all conceded or uncontested errors. First, the routine mental-status exams considered by the ALJ[23]—completed in controlled clinical environments, with findings largely irrelevant to social functioning in the workplace, and not considered in light of the overall diagnostic record—are unconvincing reasons to discount Plaintiff's allegations.[24]

---

[21] *Ortiz v. Bisignano*, --- F.4th ----, No. 24-5407, 2025 WL 4947035, at *11 (9th Cir. June 24, 2026) (citation modified).

[22] *Treichler*, 775 F.3d at 1100 (citation modified).

[23] AR 297–98, 306, 313, 325–26, 352, 399–400, 441–42.

[24] *See Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) ("[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so."

DISPOSITIVE ORDER - 10

Second, the ALJ credited Dr. Fuess's medical-expert testimony but did not include any limitations in the RFC corresponding to his testimony of waxing and waning depressive symptoms,[25] which would

(citation modified)); *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (emphasizing that treatment records must be viewed considering the overall diagnostic record, and finding the ALJ erred by rejecting the claimant's symptoms resulting from anxiety, depressive disorder, and PTSD on the basis that claimant performed cognitively well during examination and had a generally pleasant demeanor); *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."); *id.* ("[I]mproved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.").

[25] *See* AR 502, 507, 552.

DISPOSITIVE ORDER - 11

seemingly impact Plaintiff's functioning and/or absenteeism at work, and did not explain why such limitations were not included.[26]

Third, the ALJ did not explain the inconsistency between the step-five findings and vocational expert testimony, as the vocational expert testified that someone limited to occasional interaction with others would likely not complete the training/probationary period for the three jobs identified at step five based on an RFC with a limitation to occasional interactions with others.[27]

[26] *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("[A]n ALJ is not free to disregard properly supported limitations."); *cf. Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (explaining that the RFC must incorporate only credible limitations supported by substantial evidence).

[27] AR 557. *See Wischmann v. Kijakazi*, 68 F.4th 498, 505 (9th Cir. 2023) (recognizing the ALJ has a duty to resolve probative and significant inconsistencies in the step-five evidence); *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) ("The ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us

DISPOSITIVE ORDER - 12

Further proceedings are necessary because the ALJ must resolve conflicts in the record and crediting the challenged evidence as true would not compel a finding of disability. The ALJ must translate Dr. Fuess's testimony of waxing and waning depressive symptoms into vocational abilities; while such symptoms would seemingly impact workplace attendance and behavior, it is not clear that they would be fully disabling. The vocational expert testimony is not per se disabling because he only testified that "interaction with the supervisor" during the probationary period for the step-five jobs would be "probably more than occasional,"[28] and the ALJ must have the opportunity to consider this testimony and explain any inconsistency. While crediting Dr. Genthe's opinion would seemingly be disabling, the opinion contradicts parts of Dr. Fuess's opinion[29] and the prior administrative

from determining whether the ALJ's decision is supported by substantial evidence.").

[28] AR 557.

[29] *See* AR 550 (Dr. Fuess testified that Plaintiff would have moderate, rather than marked, limitations in interacting with others.).

DISPOSITIVE ORDER - 13

medical findings,[30] so this is an outstanding conflict among the evidence that the ALJ must resolve.

The closer call as to remedy is the error with respect to Plaintiff's allegations. In its order remanding the first ALJ decision, the Court explained that the ALJ's reliance on "findings on examination that Plaintiff had normal cognition" was flawed because treatment records "consistently reported abnormality in mood, affect, concentration, and behavior, as well as poor judgment and insight," and:

> As courts have repeatedly noted, the treatment records must be viewed in light of the overall diagnostic record, and a claimant's reports of suffering from severe depression and/or anxiety are not necessarily inconsistent with that claimant also presenting with normal cognitive abilities, such as good eye contact, organized and logical thought content, and focused attention. The ALJ improperly focused on Plaintiff's cognitive abilities while ignoring other more relevant and serious symptoms.[31]

---

[30] *See* AR 107–08 (Renee Eisenhauer, PhD, reviewed the records at the reconsideration level and opined that Plaintiff would have moderate interaction limitations but could interact with a supervisor and ask and accept simple instructions.).

[31] AR 612–13 (citation modified).

DISPOSITIVE ORDER - 14

On remand, a new ALJ issued a second decision that provided mostly the same faulty reasons.[32] The Court declines to remand for an award of benefits based on the other issues discussed above, but a third decision with similar explanation will demonstrate that further proceedings would not be useful.

## IV.   Conclusion

As the parties agree, the ALJ erred. The Court finds that remand for reevaluation is the appropriate remedy. The ALJ is to develop and update the record, offer Plaintiff the opportunity for a new hearing, and reevaluate—with meaningful articulation and evidentiary support—the sequential process. In doing so, the ALJ must provide explanation that adequately addresses the issues identified in this opinion: (1) the routine mental-status exams with many irrelevant findings are not by themselves specific, clear, and convincing reasons to discount Plaintiff's allegations of disabling depressive and social-panic symptoms; (2) if the ALJ credits medical-expert testimony that Plaintiff experiences waxing and waning depressive symptoms, the

---

[32] *See* AR 505–06.

DISPOSITIVE ORDER - 15

ALJ must translate such testimony into vocational limitations in the RFC or explain why the testimony does not change the RFC; and (3) if the ALJ identifies the same jobs at step five, the ALJ must explain the inconsistency between those jobs and the vocational expert testimony regarding the training periods for them. In addition, the ALJ must meaningfully articulate the supportability and consistency of each medical opinion.

Accordingly, **IT IS HEREBY ORDERED**:

4. The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)**.

5. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 8 and 12**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

//

//

DISPOSITIVE ORDER - 16

DATED this 6th day of July 2026.

_Edward F. Shea_
_____
EDWARD F. SHEA
Senior United States District Judge

DISPOSITIVE ORDER - 17